UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KRISTOPHER QUEHENBERGER,<br>Plaintiff,<br>v.<br>LVGV, LLC dba M RESORT, *et al*.<br>Defendant. | Case No. 2:25-cv-02456-JAD-EJY<br>**ORDER** |

Before the Court is Plaintiff's Motion to Amend Complaint to Add Punitive Damages Against Defendant LVGV, LLC dba M Resort. ECF No. 21. The Court reviewed Plaintiff's Motion, Defendant's Opposition (ECF No. 24), and Plaintiff's Reply (ECF No. 25).

**I. The Parties' Arguments**

Plaintiff states he seeks to amend his Complaint to "add a claim for punitive damages" although he simultaneously recognizes that "punitive damages are [sic] not a separate cause of action but rather a remedy that may be awarded in connection with an underlying claim." ECF No. 21 at 3, 8. Plaintiff attaches to his Motion a proposed amended complaint that includes (1) a "Second Claim for Relief" titled "Punitive Damages Pursuant to NRS 42.005," and (2) a prayer for relief that seeks punitive damages in an amount to be determined at trial. ECF No. 21-1 at 6, 8. Plaintiff summarizes the facts in support of his Motion to Amend and argues good cause exists for the amendment despite the last day to amend having lapsed on May 8, 2026. ECF No. 21 at 3-9.[1]

Defendant's argument in opposition to the Motion focuses on what it characterizes as Plaintiff's failure to "allege any facts that could plausibly state fraud or meet [Federal] Rule [of Civil Procedure] 9b's specificity requirement for fraud," and contending the allegations "amounts to mere recklessness, … [which] does not support an award of punitive damages." ECF No. 24 at 5-6 (citation omitted). Defendant concludes that Plaintiff's proposed first amended complaint "appears

[1] Neither Plaintiff nor Defendant mention excusable neglect applicable when a request is made after expiration of a deadline appearing in a scheduling order. LR 26-3.

futile because the facts alleged do not support a plausible request for punitive damages under Nevada law." *Id*. at 5. Defendant argues no other basis for denying the Motion to Amend.

**II. Discussion**

Federal Rule of Civil Procedure 15(a) instructs courts to "freely" grant a party leave to amend "when justice so requires." The United States Supreme Court has confirmed this liberal standard and explained that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

However, once a scheduling order has been entered under Federal Rule of Civil Procedure Rule 16, district courts are to first apply the standards of this Rule rather than those of Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("[T]he district court correctly found that it should address the issue under [Rule] 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired ...."). The "good cause" standard of Rule 16 "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609).

Here, Defendant does not mention let alone oppose Plaintiff's argument that he establishes good cause for the amendment he seeks. ECF No. 24 (silent as to Rule 16, good cause, and diligence). Under U.S. District Court for the District of Nevada Local Rule 7-2(d) a failure to oppose a motion may be treated by the Court as the non-moving party's consent to grant that motion. However, this rule does not apply solely to failure to file an opposition in its entirety, but also to the failure to assert an opposition to arguments presented in a motion. *Duensing v. Gilbert*, No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890 at *5 n.3 (D. Nev. Mar. 1, 2013). To this end, the Court finds the issue of Plaintiff's arguments regarding good cause is unopposed, thus supporting the finding that the requirements of Rule 16 are met.

Further, Defendant's only argument in opposition to amendment—futility—fails as matter of law. First, Defendant's futility argument fails because it must demonstrate there is "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient" basis for an award of punitive damages. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Court's review of Plaintiff's proposed amended complaint shows he pleads sufficient facts under the liberal standard applicable to motions to amend to state punitive damages as a remedy. ECF No. 21-1 ¶¶ 6-23. In fact, even if the Court accepts Defendant's argument that Plaintiff does not meet the pleading standard for fraud, Plaintiff's amendment seeking to add a punitive damages remedy need only plead sufficient facts to state malice or oppression. NRS 42.001, .005. Further, to the extent this argument focuses on the sufficiency of Plaintiff's pleading, this argument is better left to a motion to dismiss or summary judgment. *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted).

Second, applicable law establishes that when a defendant moves to dismiss a plaintiff's punitive damages claim based solely on the failure to plead sufficient facts—rather than "the argument that punitive damages are precluded as a matter of law"—the argument fails because punitive damages is not a claim for relief. *Townsend v. McDonell*, Case No. 2:18-cv-10011-R-JC, 2019 WL 7882085, at *5 (C.D. Cal. Dec. 12, 2019) *citing Sturm v. Rasmussen*, Case No. 18-cv-01689-W-BLM, 2019 WL 626167, at *3 (S.D. Cal. Feb. 14, 2019) *citing Andrawes v. Flora Media, Inc.*, Case No. CV 18-0431 FMO (PLAx), 2018 WL 1942197, at *2 (C.D. Cal. March 16, 2018) ("'[b]ecause punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)'") (quoting *Oppenheimer v. Southwest Airlines Co.*, Case No. 13-cv-260-IEG (BGS), 2013 WL 3149483, *4 (S.D. Cal. June 17, 2013) (further citations omitted).

Nonetheless, Plaintiff pleads a cause of action (his Second Claim for Relief) for punitive damages. The Court finds the Second Claim for Relief cannot proceed; however, Plaintiff's Motion to Amend is granted to the extent that Plaintiff seeks to plead punitive damages as a remedy.

**III. Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint to Add Punitive Damages Against Defendant LVGV, LLC dba M Resort (ECF No. 21) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Second Claim for Relief stated in the Amended Complaint is dismissed as punitive damages is not a cause of action.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend is granted to the extend the proposed amended complaint includes additional factual allegations and a prayer for relief seeking punitive damages.

IT IS FURTHER ORDERED that, no later than **October 14, 2026**, Plaintiff must file a revised amended complaint that includes all additional factual allegations as presently stated and his prayer for relief seeking punitive damages. Plaintiff's Second Claim for Relief must be omitted.

IT IS FURTHER ORDERED that Defendant's pleading responsive to the Amended Complaint must be filed no later than **October 28, 2026**.

Dated this 7th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE